IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM E. WELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CV-2379-SMY |
| | ) |
| STATE OF ILLINOIS (JESSE WHITE, | ) |
| SECRETARY OF STATE); JUDGE | ) |
| CAREY C. GILL; JUDGE JOHN W. | ) |
| SANDERS, | ) |
| | ) |
| Defendant. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff William E. Wells seeks damages against Defendants pursuant to 42 U.S.C. § 1983 (Doc. 2). Now pending before the Court are Wells' motion for leave to proceed *in forma pauperis,* without prepaying the fees and costs ("IFP") (Doc. 3), and motions for service of process at government expense (Docs. 4, 8).

28 U.S.C. § 1915 authorizes a federal district court to allow an indigent plaintiff to proceed in a civil action without prepaying the filing fees and costs if the plaintiff submits an affidavit of poverty stating that he or she is unable to afford the fees. 28 U.S.C. § 1915(a)(1). However, the statute also requires the Court to scrutinize a Complaint filed by an indigent plaintiff and to dismiss it if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Wells filed his Complaint against the State of Illinois (Jesse White, Secretary of State) under 42 U.S.C. § 1983, alleging a violation of the Equal Protection Clause of the Fourteenth

Amendment. The State of Illinois is not a "person" under Section 1983, and thus, is not subject to suit. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Collier v. Illinois Dep't of Human Rights*, 221 F.3d 1338 (7th Cir. 2000); *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999). Therefore, Wells fails to state a claim against the State of Illinois upon which relief can be granted.

Wells also names two Illinois state court judges as Defendants under 42 U.S.C. § 1983 for their alleged violations of the Equal Protection Clause of the Fourteenth Amendment. But § 1983 does not authorize a claim for damages against judges in the performance of their respective duties. *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983); *Nowicki v. Cooper*, 56 F.3d 782, 784 (7th Cir. 1995) (sovereign immunity of state barred 1983 claim for monetary damages against state judge in official capacity). A judge has absolute immunity for any judicial actions unless his or her actions were taken outside of their judicial capacity or were taken without jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Wells does not allege that Judge Carey C. Gill or Judge John W. Sanders acted outside of their judicial capacity or acted in the absence of jurisdiction. As such, he states no viable claim against these defendants.

For the foregoing reasons, the Motion for Leave to Proceed *in forma pauperis* ("IFP") (Doc. 3) and Motions for Service of Process at Government Expense (Docs. 4, 8) are **DENIED**; Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **JANUARY 3, 2023**.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 22-cv-02379-SMY). Plaintiff should identify each defendant in the case caption and include sufficient allegations against each

defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (A successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to email and/or mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

**DATED: December 13, 2022**

**STACI M. YANDLE**
**United States District Judge**